**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

———————————————

No. 24-10744

Non-Argument Calendar

———————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JARED BOYLE,

*Defendant-Appellant.*

———————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:23-cr-00098-TPB-PRL-1

———————————————

Before BRANCH, KIDD, and ANDERSON, Circuit Judges.

PER CURIAM:

Jared Boyle pleaded guilty to committing controlled substance and firearm offenses and was sentenced to 120 months of imprisonment. He now appeals only his conviction under 18 U.S.C.

§ 922(g)(1), which criminalizes possession of a firearm by an individual previously convicted of a crime punishable by more than one year in prison. Boyle argues that this statute is unconstitutional under the Second Amendment and the Commerce Clause, but we review these challenges only for plain error, as they are raised for the first time on appeal. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). Because Boyle's arguments are foreclosed by binding precedent, we conclude that he cannot show error, plain or otherwise, and affirm his conviction.

Boyle first argues that § 922(g) is unconstitutional under the Second Amendment, both facially and as applied to him, considering *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), and *United States v. Rahimi*, 144 S. Ct. 1889 (2024). He contends that his conduct is covered under the Second Amendment and that the government cannot show a tradition of convicted felons never being permitted to possess firearms or ammunition. However, we recently confirmed that neither *Rahimi* nor *Bruen* abrogated our previous decision in *United States v. Rozier*, 598 F.3d 768, 770–71 (11th Cir. 2010), which held that § 922(g)(1) is constitutional under the Second Amendment. *United States v. Dubois*, 139 F.4th 887, 890–94 (11th Cir. 2025).

Boyle further argues that § 922(g)(1) exceeds Congress's authority under the Commerce Clause. He contends that *United States v. Lopez*, 514 U.S. 549 (1995), and *United States v. Morrison*, 529 U.S. 598 (2000), render the statute facially unconstitutional, as it does not ensure that possession, a non-economic activity,

substantially affects interstate commerce. However, "we have already held that § 922(g) is within Congress's Commerce Clause Powers." *United States v. Stancil*, 4 F.4th 1193, 1200 (11th Cir. 2021); *see United States v. Scott*, 263 F.3d 1270, 1273–74 (11th Cir. 2001).

Boyle further asserts that the government did not establish a connection between his firearm possession and interstate or foreign commerce. But we have rejected similar as-applied challenges and determined that the government can prove the required "minimal nexus" by showing that a firearm was manufactured outside the state where the offense took place and thus "necessarily traveled in interstate commerce." *Wright*, 607 F.3d at 715–16; *see United States v. McAllister*, 77 F.3d 387, 390 (11th Cir. 1996). That burden was satisfied in this case because, when pleading guilty, Boyle admitted that his firearm was manufactured in Brazil but recovered in Florida. *Wright*, 607 F.3d at 715–16.

Because "we are bound to follow our prior binding precedent unless and until it is overruled by this Court en banc or by the Supreme Court," Boyle's Second Amendment and Commerce Clause challenges must fail. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016) (citation modified); *see United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) ("[T]here can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it.").

Accordingly, we **AFFIRM** Boyle's § 922(g)(1) conviction.